# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MARK DOLBIN, :

    Petitioner :

                                            CIVIL ACTION NO. 3:17-0257

v. :

                                            (Judge Mannion)

Warden, Allenwood :
Low Security,

                              :

    Respondent

## **MEMORANDUM**

Petitioner, Mark Dolbin, an inmate currently incarcerated in the Low Security Correctional Institution, Allenwood, Pennsylvania ("USP-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the Middle District of Pennsylvania. Id. Specifically, he "asserts that he was erroneously sentenced to 240 months imprisonment for violation of 21 U.S.C. §§846 and 841(a)(1), as a matter of 'retroactive' statutory construction in Burrage v. United States, 187 L.Ed.2d at 722", as he claims that he was "never charged with the identity of the controlled substance in 21 U.S.C. §841(b) as elements of §§846 and 841(a)(1) by a grand jury, nor did he waive rights for a petit jury to make an unanimous finding beyond a reasonable doubt entitling him to relief." Id. For the reasons

set forth below, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

I. **Background**

Petitioner was indicted on May 14, 2003, for conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine, as well as distribution and possession with intent to distribute 500 grams or more of methamphetamine. See United States v. Dolbin, 1:03-CR-00118 (M.D. Pa). The indictment was subsequently amended multiple times to include the charges of possession of firearms by an armed career criminal, obstruction of justice, and forfeiture, resulting in the fourth and final superseding indictment being filed on August 4, 2004. Id.

On March 10, 2005, a jury returned a verdict against Dolbin on four counts: conspiracy to distribute and possess with intent to distribute methamphetamine; distribution and possession with intent to distribute methamphetamine; possession of firearms by a convicted felon; and obstruction of justice. Id.

On July 25, 2005, Dolbin was sentenced to life in prison. Id. Dolbin successfully appealed that sentence and was re-sentenced to 240 months in

prison on August 31, 2007. Id.

On December 9, 2008, Dolbin filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id.

By Memorandum and Order dated May 11, 2010, Petitioner's 2255 motion was denied without a hearing. Id.

On June 28, 2010, Dolbin appealed the denial of his §2255 motion. Id. On January 13, 2012, the United States Court of Appeals for the Third Circuit affirmed the denial of Petitioner's §2255 motion. See United States v. Dolbin, No. 10-2941 (3rd Cir. Jan. 13, 2012).

On April 25, 2016, Dolbin filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in this Court, seeking relief based on the following:

> On January 27, 2014, the Supreme Court made a "substantive" change to 21 U.S.C. §841(b), and how it applies to 21 U.S.C. §§846 and 841(a)(1) which was not available to the petitioner at the time of his conviction, appeal or 28 U.S.C. §2255 motion. This "substantive" change was due to the re-interpretation of 21 U.S.C. §841(b), in Burrage v. United States, 571 U.S. ——, 134 S.Ct. 881, —— L.Ed.2d ——, 187 L.Ed. 715 (2014). And this "substantive" change directly affects the petitioner's sentence, as it makes the former sentencing factors in 21 U.S.C. §841(b), elements of the offense in 21 U.S.C. §§846 and 841(a)(1).

See Dolbin v. Warden, Allenwood Low Security, 2016 WL 3176595 (M.D. Pa.).

Treating the petition as a successive §2255 motion, rather than a habeas petition, and then determining that no order authorizing the filing of a second or successive §2255 motion had been filed by the Court of Appeals, this Court dismissed that petition for lack of jurisdiction on May 31, 2016. Id. Petitioner's subsequent motion for reconsideration was denied on October 17, 2016. Dolbin v. Warden, Allenwood Low Security, 2016 WL 6091582 (M.D. Pa.).

Dolbin then applied to the United States Court of Appeals pursuant to §2244 and §2255 to file a second or successive motion under § 2255. (Doc. 2 at 27, Order). In that application, Dolbin relied upon Mathis v. United States, 136 S.Ct. 2243 (2016), and Burrage v. United States, 134 S.Ct. 881 (2014). Id. The Court denied Petitioner's application on December 22, 2016, maintaining that neither of the cited cases announced new rules of Constitutional law. Id.

On February 10, 2017, Petitioner filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, in which he again claims that he is confined pursuant to an "illegal conviction, in light of Burrage v. United States and Mathis v. United States. (Doc. 1).

## II. DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. §2255.

Further, such claims may not be raised in a §2241 petition except in unusual situations where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; see Dorsainvil, 119 F.3d at 251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the

remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

Dolbin seeks to vacate and correct his sentence in light of Mathis. He cannot do so by means of a §2241 petition. Dolbin offers no evidence that the United States Supreme Court or the Third Circuit has held that Mathis announced a new rule of law retroactively applicable to cases on collateral review. See Jackson v. Kirby, 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has decided whether Mathis is retroactively applicable on collateral review). Additionally, Dolbin's present claim is not based on a contention that Mathis decriminalized the conduct which led to his conviction. Instead, he challenges the basis for his sentence and sentencing enhancement pursuant to Mathis. The Third Circuit Court of Appeals has not extended the limited Dorsainvil exception to include situations where a prisoner is challenging a sentence based on an intervening change in substantive law. Okereke, 307

F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)); Pearson v. Warden Canaan USP, 685 Fed.Appx. 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws", citing Okereke, 307 F.3d 117); Jackson v. Kirby, No. 17-4651, 2017 WL 3908868 (D.N.J. Sept. 6, 2017) (Mathis based sentencing enhancement claim not properly asserted under §2241); Parker v. Warden FCI-Schuylkill, No. 17-0765, 2017 WL 2445334 (M.D. Pa. Jun. 6, 2017) (dismissing 2241 habeas petition on screening because Mathis based sentencing enhancement claim is not properly asserted under §2241). Thus, Dolbin fails to demonstrate that his claim falls within the Dorsainvil exception.

Dolbin fares no better with his Burrage claim, as "the Supreme Court has not made Burrage retroactive." Alvarez v. Hastings, Civ. No. 2:14-cv-70, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); Gibson v. Thomas, Civ. No. 3:14-cv-820, 2016 WL 213618 *5 (M. D. Pa. Jan. 19, 2016)(Caputo, J.) (the Supreme Court did not make Burrage retroactive to cases on collateral review as such it does not fall within the narrow Dorsainvil exception); Harrington v. Holland, Civ. No. 14-192, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (Burrage is not a decision which is retroactively applicable to cases on

collateral review). Accordingly, Petitioner's reliance on Burrage in seeking relief under §2241 is misplaced. Givens v. United States, No. 4:18-CV-993, 2018 WL 2718039, at *2 (M.D. Pa. June 6, 2018).

Dolbin's present claims fall within the purview of §2255. Dolbin acknowledges that he previously moved in the Third Circuit Court of Appeals for leave to file a second or successive §2255 motion to vacate raising his Mathis and Burrage based claims. The Sixth Circuit denied his application for relief finding that neither Mathis, nor Burrage announced a new rule of constitutional law made retroactively applicable to cases on collateral review. 1-1, at 2-3). The fact that the Third Circuit Court of Appeals denied his request to file a second or successive §2255 motion asserting his Mathis and Burrage claims does not make §2255 relief inadequate or ineffective. See Cradle, 290 F.3d at 539 (petitioner "cannot contend that §2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 Fed.Appx. 53, 55 (3d Cir. 2015) (nonprecedential) ("Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements."). The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. Consequently, the instant petition will be dismissed

for lack of jurisdiction.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 29, 2019**
17-0257-01